COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

May 8, 2015

Bradley P. Lehman, Esquire
Zarwin Baum DeVito Kaplan
  Schaer & Toddy, P.C.
1500 North French Street, 2nd Floor
Wilmington, DE 19801

Joseph Grey, Esquire
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19801

Re: *The Bancorp Bank v. Cross & Simon, LLC*
     C.A. No. 10299-VCN
     Date Submitted: February 20, 2015

Dear Counsel:

Plaintiff The Bancorp Bank ("Bancorp") filed this action against Defendant

Cross & Simon, LLC ("C&S"), seeking a declaration that it has a superior lien on

certain funds to which C&S also claims an entitlement. Bancorp alleges that C&S

has converted those funds and requests "[a] declaration that Bancorp is entitled to

the immediate release and receipt of all [the funds at issue], . . . free of any

encumbrances or liens thereon . . . ."[1] C&S moved to dismiss for lack of subject

---

[1] The Bancorp Bank's Verified Compl. ("Compl.") 7, 9. All facts are drawn from the Complaint and are assumed true for purposes of this motion.

matter jurisdiction, for failure to state a claim, and for failure to join an indispensible party. The Court concludes that dismissal is warranted because it lacks subject matter jurisdiction over Bancorp's claims.

## I. BACKGROUND

On December 29, 2011, CCC Atlantic, LLC ("CCCA") and Karman Development Group, LLC executed and delivered to Bancorp a guaranty and a security agreement in connection with a loan (the "Loan") that Bancorp provided a third party. As collateral, CCCA assigned its "right, title and interest in all of its right, title and interest in all commercial tort claims, claims, choses in action, judgments, settlements and proceeds of litigation described in or arising out of" a then-pending lawsuit in New Jersey (the "New Jersey Action").[2] Bancorp filed a UCC-1 Financing Statement in New Jersey on January 2, 2012, and in Delaware on May 2, 2014.

The New Jersey Action settled in 2012, with the defendants in that case paying $125,000 (the "Settlement Funds").[3] Bancorp alleges that it is the holder of

---

[2] Compl. ¶¶ 6-7.

[3] The Complaint references Settlement Funds of $120,000. C&S corrected this figure in its motion to dismiss. Bancorp acknowledged the correction.

the perfected first lien and security interest in the Settlement Funds.[4]  The Loan is in default and Bancorp seeks immediate possession of the collateral.

Before the New Jersey Action settled, CCCA had filed for bankruptcy in Delaware.  C&S represented CCCA in the bankruptcy proceedings.  According to Bancorp, CCCA requested that C&S hold the Settlement Funds in escrow during the pendency of the bankruptcy action.  Although C&S was expected to distribute the Settlement Funds to CCCA following termination of those proceedings, it did not do so.  C&S allegedly holds the funds for its own use, *i.e.*, payments of attorneys' fees owed to it by CCCA, disregarding Bancorp's superior right and interest.  Although Bancorp acknowledges that C&S has asserted a right to the Settlement Funds based on a purported attorney's lien, Bancorp contends that C&S can have no such lien because it was not involved in procuring that money.

## II. ANALYSIS

Bancorp brings two counts against C&S, one requesting declaratory relief and the other alleging conversion.  C&S has challenged this Court's subject matter jurisdiction to hear Bancorp's claims.  This Court is generally limited to deciding

---

[4] Bancorp allegedly has a further interest in the Settlement Funds based on a September 23, 2014, assignment from CCCA.  Compl. ¶ 13.

cases that implicate equitable rights or remedies, or involve a claim subject to a statutory grant of jurisdiction.[5]

* * *

A party may seek declaratory relief both at law and in equity.[6] This Court "has jurisdiction in a declaratory judgment action if there is any underlying basis for equity jurisdiction measured by traditional standards."[7] "[U]nless the underlying allegations are directed toward the enforcement of an exclusively equitable right or are sufficient to establish alternatively that there exists no adequate remedy at law, a prayer for declaratory relief is not cognizable in the Court of Chancery."[8]

Count I does not seek to enforce an exclusively equitable right. As characterized by Bancorp, that count "is a straightforward matter as to which of the two parties has a superior lien to the funds at issue and what obligations Defendant,

---

[5] *See, e.g.*, *Willis v. PCA Pain Ctr. of Va., Inc.*, 2014 WL 5396164, at *2 (Del. Ch. Oct. 20, 2014).

[6] 10 *Del. C.* § 6501.

[7] *Diebold Computer Leasing, Inc. v. Commercial Credit Corp.*, 267 A.2d 586, 591 (Del. 1970).

[8] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, § 2.03[b][2][ii][5], at 2-71 (2014).

as the current holder of the funds, has to Bancorp."[9]  The Superior Court has the power and the ability to resolve a lien dispute.[10]

Further, Bancorp has an adequate and complete remedy at law.  It ultimately seeks a monetary award, the quintessential legal remedy.[11]  Its application for declaratory relief should be heard in Superior Court.

\* \* \*

Bancorp's second count is one for conversion, a common law tort.  The relief it seeks pursuant to that count is the same as that requested under the first.

---

[9] Bancorp's Opp'n to Def.'s Mot. to Dismiss ("Bancorp's Opp'n") ¶ 3.

[10] It is not pertinent to the jurisdictional debate that C&S is asserting an attorney's lien against the Settlement Funds.  The Superior Court can address disputes involving a purported attorney's lien on proceeds held in an IOLTA trust account. *See, e.g.*, *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336 (Del. 2012).

[11] There is no allegation that C&S has breached any fiduciary duty.  *See* Bancorp's Opp'n ¶ 16 n.7 ("Although breach of fiduciary duties has not been specifically pled, Bancorp reserves the right to pursue this additional, related cause of action as appropriate.").  The Complaint does state that C&S acquired the Settlement Funds for a limited, fiduciary purpose, acting as CCCA's escrow agent.  Compl. ¶ 18.  No fiduciary duty to Bancorp or fiduciary breach is alleged.

Further, to the extent that Bancorp has argued that it seeks specific performance of delivery of the Settlement Funds, its application fails because damages would be an adequate remedy.

Accordingly, Count II asserts a legal right and implicates a legal remedy, and this Court lacks the subject matter jurisdiction to address it.

### III.  CONCLUSION

For the reasons stated above, this action is dismissed for lack of subject matter jurisdiction.[12]  Bancorp may seek to transfer this action to the Superior Court within sixty days in accordance with 10 *Del. C.* § 1902.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:     Register in Chancery-K

---

[12] With this conclusion, it is unnecessary to address the other grounds for dismissal advanced by C&S.  This letter opinion also moots C&S's Motion for Protective Order.